IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01103-PSF-BNB

SHARON R. BAKER,

    Plaintiff,

v.

ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada corporation also d/b/a EchoStar Satellite;
ECHOSPHERE, LLC, a Colorado limited liability company also d/b/a EchoStar Satellite; and
ECHOSTAR SATELLITE, LLC, a Colorado limited liability company also d/b/a EchoStar Communications and EchoSphere[1],

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the

---

[1] The parties do not agree on whether d/b/a designations should be included in the caption, and whether the designations are accurate. Defendants filed a Motion to Amend Caption, and Plaintiff has responded.

Federal Rules of Civil Procedure.

  2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

  3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former employees, representatives or agents of Defendants, and proprietary information or trade secrets of Defendants and privacy interests of the Plaintiff. CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case.

  4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for Defendants;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for

preparation, trial or other proceedings in this case;

(e)   the Court and its employees ("Court Personnel");

(f)   stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

(g)   deponents, witnesses, or potential witnesses in this case; and

(h)   other persons by written agreement of all the parties.

5.   Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.   Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.   Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice

3

of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.     Three years after the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or any party may elect to destroy CONFIDENTIAL documents in lieu of returning them. Where a party elects to destroy CONFIDENTIAL documents, the destroying party shall

provide all parties with an affidavit confirming the destruction.

10.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated September 26, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 26th day of September, 2006.

ARCKEY & REHA, LLC                    BROWNSTEIN, HYATT & FARBER, P.C.

By: s/ Thomas J. Arckey                     By: s/ Meghan W. Martinez

    Thomas J. Arckey                          Meghan W. Martinez
    26 W. Dry Creek Circle, Suite 800          Carey R. Gagnon
    Littleton, CO 80120                        410 17th Street, 22nd Floor
    (303) 798-8546                             Denver, CO 80202
    Attorney for Plaintiff                     (303) 223-1100
                                             Attorneys for Defendants

TRUHLAR and TRUHLAR, L.L.P.

By: s/ Robert J. Truhlar
    Robert J. Truhlar
    Frederick (Rick) Dindinger, II
    7340 E. Caley Avenue, Suite 310
    Centennial, CO 80111
    (303) 794-2404
    Attorneys for Plaintiff

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01103-PSF-BNB

SHARON R. BAKER,

      Plaintiff,

v.

**ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada corporation also d/b/a EchoStar Satellite; ECHOSPHERE, LLC, a Colorado limited liability company also d/b/a EchoStar Satellite; and ECHOSTAR SATELLITE, LLC, a Colorado limited liability company also d/b/a EchoStar Communications and EchoSphere,**

      Defendants.

---

**NON-DISCLOSURE AGREEMENT**

---

STATE OF _____ )
                                    ) ss.
COUNTY OF _____ )

      1.     My name is _____.

      2.     I reside at _____, and my home telephone number is (___)____-_____.

      3.     I am aware that a Protective Order has been entered in *Sharon R. Baker v. Echostar Communications Corporation, a Nevada corporation also d/b/a EchoStar Satellite; Echosphere, LLC, a Colorado limited liability company also d/b/a EchoStar Satellite; and Echostar Satellite, LLC, a Colorado limited liability company also d/b/a EchoStar Communications and EchoSphere,* Civil Action No. 06-cv-01103-PSF-BNB, now pending in the United States District Court for the District of Colorado. A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

2

   4. I promise that any document marked "Confidential" or marked as containing Confidential Information will be used by me only in connection with assisting the parties or their counsel in preparing for the resolution of the above-referenced litigation.

   5. I promise that I will not disclose or discuss such Confidential documents or Confidential Information with any person other than the parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any party.

_____  By: _____
DATE

   SUBSCRIBED AND SWORN to before me this ____ day of _____, 2006, by _____.

_____
                    Notary Public

My Commission Expires: _____

2