IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01103-PSF-BNB

SHARON R. BAKER,

Plaintiff,

v.

ECHOSTAR COMMUNICATIONS CORPORATION;
ECHOSTAR SATELLITE, LLC; and
ECHOSPHERE, LLC.,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Defendants' Motion to Vacate Settlement Conference** [Doc. # 57, filed 1/19/2007] (the "Motion"). The Motion is DENIED.

The defendants seek an order vacating the settlement conference because they "do not wish to make any settlement offer to Plaintiff." Motion at ¶3. The plaintiff opposes the Motion and, notwithstanding the defendants' unequivocal statement that they will make no settlement offer, requests that the settlement conference occur as scheduled because "[a] neutral and unbiased jurist should assist the parties in attempting to resolve their dispute." *Response In Opposition to Motion to Vacate Settlement Conference* [Doc. # 58, filed 1/22/2007].

A magistrate judge acting in his or her capacity as a mediator at a caucused settlement conference cannot make anyone do anything. In particular, a mediator cannot force a party to settle the case or even to make a settlement offer. On the other hand, far more cases settle than are tried. Last year in the District of Colorado 544 cases settled at or after a court sponsored

settlement conference while only 38 cases proceeded to trial before a jury. In 20 of the 38 cases (53%) that were tried, either no settlement conference was held or the defendants refused to make an offer at the conference. In 13 of the 20 cases (65%) where no conference occurred or no settlement offer made by the defendants, the plaintiffs prevailed. And in five of the 13 cases where the plaintiffs prevailed, the verdict exceeded $1 million.

In addition, while 38 cases proceeded to a jury trial in 2006, an additional ten cases settled less than one week before the trial began or after it began. In other words, one in five cases that reached the eve of trial settled before the matter was submitted to the jury. These last minute settlements constitute a colossal waste of resources because a case that settles immediately before trial certainly could have settled earlier.

I have to question the utility of a settlement conference where the defendants have announced their intention to make no settlement offer. In view of the plaintiff's informed request that the settlement conference occur anyway, however, I am willing to proceed as scheduled.

IT IS ORDERED that the Motion is DENIED.

Dated January 23, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge