EXHIBIT G TO DEFENDANTS' BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01103-PSF-BNB

**SHARON R. BAKER**

Plaintiff,

v.

**ECHOSTAR COMMUNICATIONS CORPORATION, a Nevada corporation also d/b/a EchoStar Satellite; ECHOSPHERE, LLC, a Colorado limited liability company also d/b/a EchoStar Satellite; and ECHOSTAR SATELLITE, LLC, a Colorado limited liability company also d/b/a EchoStar Communications and EchoSphere,**

Defendants.

---

## RESPONSE TO ECHOSPHERE, L.L.C.'S REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Plaintiff, Sharon Baker, by her attorneys, Thomas J. Arckey of Arckey & Reha, LLC, and Robert J. Truhlar and F. J. "Rick" Dindinger II of Truhlar and Truhlar, L.L.P., hereby responds to EchoSphere, L.L.C.'s Requests for Production of Documents:

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOTE:** All documents listed as responsive and not objected to are available for inspection or copying at the law offices of Truhlar and Truhlar, L.L.P. Copies can be produced and delivered through Network Solutions in the same manner as defendants copied and produced their documents.

1.      All Documents that You contend establish or support any fact upon which you base Your claims for relief against Defendants.

request as it is vague, overly broad and unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving these objections, the Plaintiff states as follows: *See* documents produced in Plaintiff's Initial Disclosures, Transcript of Testimony, SB 175-292 and specifically Sharon Baker's testimony at 188-191 and John Scarborough's testimony at SB 246-247, 251-252, 254, 256, 258 and John Scarborough's Chronology of Events regarding Sharon Baker's Resignation at SB 326-328.

17.    All Documents that relate to Your allegation that "despite [your] qualifications and performance, [you were] discriminated against because of [your] sex," as alleged in paragraph 105 of the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks information protected by the attorney-client and attorney-work product privileges. Plaintiff objects to this request as it is vague, overly broad and unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving these objections, the Plaintiff states as follows: *See* documents produced in Plaintiff's Initial Disclosures, Transcript of Testimony, SB 175-292 and specifically Sharon Baker's testimony at SB 186, 211-215, and the EEOC file, SB 001-031, and the affidavits at Def. 00018-26 and SB 020-21.

18.    All Documents that constitute, discuss, refer or relate to the contract You allege was breached. See paragraphs 119-27 of the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks information protected by the attorney-client and attorney-work product privileges. Plaintiff objects to this request as it is vague, overly broad and unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving these objections, the Plaintiff states as

follows: *See* documents produced in Plaintiff's Initial Disclosures SB 032-124; *see also* SB 554-662, which are available for inspection and copying.

19. If You have undergone any medical treatment or treatment or consultation with a Healthcare Professional relating to this case, EchoSphere, L.L.C. requests that you provide the attached Medical Authorization, once dated and executed by You before a notary.

**RESPONSE:** Plaintiff objects to this request as it is vague, overly broad and unduly burdensome and not reasonably calculated to lead to admissible evidence. Without waiving these objections, the Plaintiff states as follows: *See* Response to Request No. 2, above.

20. All Documents exchanged with, or written to or from Soraya Hesabi-Cartwright.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks information protected by the attorney-client and attorney-work product privileges. Plaintiff objects to this request as it is vague, overly broad and unduly burdensome, harassing, and not reasonably calculated to lead to admissible evidence. Ms. Baker is currently employed at Life's Sweet, a company owned by Ms. Hesabi-Cartwright. Ms. Hesabi-Cartwright uses email to communicate with her employees, including Ms. Baker, on numerous matters including proprietary and confidential customer matters, marketing, financial reporting, scheduling, and company functions. The emails begin in November 2005 to the present. The emails do not mention any of the defendants or any claims, charges, litigation, or complaints relating to any of the defendants. These emails are proprietary business information belonging to a third-party, Life's Sweet, and are not available to the plaintiff

10