IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01103-ZLW-BNB

SHARON R. BAKER,

Plaintiff,

v.

ECHOSTAR COMMUNICATIONS CORPORATION, *et al.*

Defendants.

_____

### PLAINTIFF'S TRIAL BRIEF
_____

Pursuant to the Court's permission given at the hearing on January 31, 2008 for the

parties to file trial briefs, plaintiff Sharon Baker submits this trial brief:

**1.  Ms. Baker has a claim for emotional distress notwithstanding this Court's order
granting her Motion *In Limine* to Exclude Medical Records, Dkt. #175.**

Neither medical records nor medical testimony is required to prove claims of emotional

distress.  *See Dodoo v. Seagate Tech., Inc.*, 235 F.3d 522, 532 (10th Cir. 2000) (plaintiff's own

testimony sufficient to support an award of emotional damages).  In *Weil v. Dillon Companies,*

*Inc.,* 109 P.3d 127 (Colo. 2005), Mr. Weil sought to recover non-economic damages for

emotional injuries.  The defendant claimed it was entitled to all of Mr. Weil's medical records.

*Id.* at 131.  Mr. Weil refused to sign a medical release waiver on grounds that filing of his lawsuit

did not waive his physician-patient privilege.  *Id.* at 128.  The trial court disagreed and issued an

order stating that it would not allow Mr. Weil's claim for emotional damages where "the

defendant was denied record access by the failure of plaintiff to execute appropriate waivers."

*Id.* at 129.  Mr. Weil appealed and the Colorado Supreme Court reversed.  *Id.* at 132.  The Court

explained: "Our precedent instructs that generic claims for pain and suffering, emotional distress, and loss of quality of life do not constitute an implied waiver of the physician-patient privilege" and held that "Dillon Companies is not entitled to his medical records based solely on Weil's generic, garden variety claims of pain and suffering and loss of quality of life." *Id.* at 128. Therefore, the fact that Ms. Baker does not intend to use any medical documentation at trial does not preclude her from making a claim of emotional distress.

**2.      Notice supports finding of Title VII liability and punitive damages.**

Evidence of management's notice about the conduct in the Executive Suite supports a finding of Title VII liability.  *See Faragher v. Boca Raton*, 524 U.S. 775, 89 (1998) (discussing with approval the myriad of cases that have "held employers liable on account of actual knowledge by the employer, or high-echelon officials of an employer organization, of sufficiently harassing action by subordinates, which the employer or its informed officers have done nothing to stop.")

Evidence of management's notice also supports an award of punitive damages.  *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 576-77 (1996) ("Certainly, evidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law.").

**3.      The jury decides issues of breach of contract.**

The Colorado Court of Appeals in *Tuttle v. ANR Freight Sys., Inc.*, 797 P.2d 825 (Colo. App. 1990), determined that an implied contract can be supported by more than just the written handbook and can include other policies as well as the conduct of the parties by concluding that

"the implied contract theory of recovery includes evidence other than the employee handbook."

*Id.* at 829.  The jury decides whether a contract existed and whether it was breached:

> [w]hen the existence of a contract is an issue and the evidence is in conflict or admits of more than one inference or conclusion, then it is for the jury to decide whether a contract exists . . . Also, whether an employer and employee have entered into a contract based upon an employee handbook is generally a question of fact of the jury. . . And, whether the parties intended to enter a contract is factual question. . . .

*Id.* at 827 (citations omitted).  *See also Gomez v. Martin Marietta*, 50 F.3d 1511, 1516 (10th Cir. 1995) ("a binding obligation may arise from a personnel manual even though that manual vests some discretion in the employer, so long as a fact finder could reasonably conclude that the employer was obligated under either contract or estoppel principles.").

### 4.   The jury advises the Court on an award of back pay for Title VII claims and determines back and front pay damages under a breach of contract claim.

Back pay in Title VII cases constitutes an equitable form of relief.  *McCue v. State of Kan., Dept. of Human Resources*, 165 F.3d 784, 791-792 (10th Cir. 1999).  While the Court must determine whether an employee is entitled to back pay, the Court may consider a jury award of back pay as advisory under Fed. R. Civ. P. 39(c).  *McCue v. State of Kan., Dept. of Human Resources*, 948 F. Supp. 965, 968 (D. Kan. 1996), *rev'd on other grounds*, 165 F.3d 784 (10th Cir. 1999).  Therefore, the Court should permit the parties to submit evidence of back pay damages to the jury so that the jury may issue an advisory award.  Of course, all reasonable consequential economic losses are recoverable under the claim for breach of contract.  Under Colorado law, where the parties dispute the amount of damages arising from a breach of contract, the fact finder determines the award of economic damages.  *Peterson v. Colorado Potato Flake & Manufacturing Co.*, 435 P.2d 237, 240 (Colo. 1967); *see also Decker v. Browning-Ferris Industries of Colorado, Inc.*, 931 P.2d 436, 447 (Colo. 1997) (affirming jury

awards of back pay, loss of future pay, and benefits).

**5.      All acts that contributed to the hostile work environment, including those that occurred more than 300 days prior to filing of a claim, are admissible if relevant.**

"The incidents constituting a hostile work environment are part of one unlawful employment practice;" and therefore, "the employer may be liable for all acts that are part of this single claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002).  In *Morgan*, the employee introduced evidence of acts contributing to the hostile work environment that occurred more than 300 days prior to the filing of his claim. *Id.* at 120.  The Court upheld admission of such evidence, reasoning that the acts may have been part of the same "actionable hostile work environment practice." *Id.* at 120-121.  *See also* Reporter's Transcript of Hearing on January 31, 2008 at pp. 37-38 (Dkt. #177).

**6.       Background evidence on Ms. Baker's claims is admissible.**

A court must admit relevant circumstantial evidence that aids in the interpretation of the events that give rise to the plaintiff's claims, and failure to admit such evidence is error. *Noland v. McAdoo*, 39 F.3d 269 (10th Cir. 1994).  In *Noland*, the Tenth Circuit reversed the District Court's grant of summary judgment, noting that it was error to disregard prior, non-actionable events as circumstantial evidence that explained actionable events contained in Plaintiff's sexual harassment claim.  Therefore, even though Ms. Baker may not recover on her discrimination and retaliation claims for events that occurred prior to January 2004, evidence of those events is admissible as background evidence.

**7.      Testimony offered to show untruthfulness is admissible.**

Several EchoStar executives deny making certain offensive statements toward female employees, including toward Ms. Baker and other employees located in close proximity to Ms. Baker.  Ms. Baker seeks to introduce evidence of these statements either through the cross-

examination of EchoStar executives or with rebuttal witnesses.  Under the doctrine of specific contradiction, the Court must admit evidence offered to show that the witness lied about a certain fact.  *United States v. Crockett*, 435 F.3d 1305, 1313 (10th Cir. 2006).  While certain evidence "ordinarily might be collateral or otherwise inadmissible," parties must have an opportunity to disprove statements made during direct examination.  *Id.*

The doctrine of specific contradiction applies in employment actions.  *Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1456 (10th Cir. 1997).  In *Mason*, the employee alleged that he was terminated because the employer sought to replace him with a political supporter.  On direct examination, the employee's supervisor "denied ever engaging in political patronage hiring."  *Id.*  The district court permitted the plaintiff to offer evidence on cross examination that the supervisor had hired certain other employees for political patronage purposes.  *Id.*  The Tenth Circuit upheld the admission of this collateral testimony, noting that such questioning was admissible to impeach the witness by contradiction.  *Id.*

**8.     The Statute of Frauds does not apply to the implied contract claim.**

Ms. Baker's implied contract claim relates to the conditions of her employment set forth in the October 1997 handbook and reiterated in revisions thereto.  Ms. Baker's claim is not about the *term* (or length) of the contract.  The statute of frauds applies to agreements that cannot be performed within one year.  C.R.S. § 38-10-112(1)(a).  Here, the statute of frauds is inapplicable. *See Pickell v. Arizona Components Co.*, 902 P.2d 392, 396 (Colo. App. 1994), *rev'd on other grounds*, 931 P.2d 1184 (Colo. 1997) (employment contract "for an indefinite period of time is not barred by the statute of frauds because performance is possible within one year."); *Woodall v. Davis-Creswell Mfg. Co.*, 48 P. 670 (Colo. App. 1897) (statute of frauds applies only to employment contracts which are by their terms impossible of performance in one year).

DATED this 18th day of February, 2008.

TRUHLAR AND TRUHLAR, L.L.P

s/ F. J. "Rick" Dindinger II_____
F. J. "Rick" Dindinger II
Robert J. Truhlar
7340 E. Caley Avenue, Suite 310
Centennial, CO 80111
(303) 794-2404

ARCKEY & REHA, L.L.C.
Thomas J. Arckey
26 West Dry Creek Circle, Suite 800
Littleton, CO 80120
(303) 798-8546

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February 2008, I electronically filed the foregoing

**PLAINTIFF'S TRIAL BRIEF** with the Clerk of Court using the CM/ECF system which will

send notification of such filing to the following e-mail addresses:

mmartinez@bhfs.com
dpowell@bhfs.com
Meghan W. Martinez
David D. Powell
Brownstein Hyatt Farber Schreck, P.C.
410 17th, 22nd Floor
Denver, CO 80202

s/ F. J. "Rick" Dindinger II_____