IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Zita L. Weinshienk

Civil Action No. 06-cv-01103-ZLW-BNB

SHARON R. BAKER,

    Plaintiff,

v.

ECHOSTAR COMMUNICATIONS CORPORATION;
ECHOSPHERE, L.L.C.; and
ECHOSPHERE SATELLITE, L.L.C.,

    Defendants.

## ORDER

The matter before the Court is Defendants' Motion To Alter Or Amend The Judgment. Defendants' motion seeks to amend the judgment entered on March 14, 2008, to the extent that the judgment does not award costs to Defendants after they prevailed at trial in this Title VII employment discrimination case, on two separate grounds. First, the motion asserts that Defendants are entitled to a mandatory award of costs pursuant to Fed. R. Civ. P. 68, because they served offers of judgment on Plaintiff in advance of trial and Plaintiff recovered nothing at the trial. Second, the motion asserts that this Court erred under Fed. R. Civ. P. 54(d) by disallowing costs to Defendants "in view of Defendants' significant financial resources." (Doc. No 97 at 3).

Plaintiff responds that an award of costs under Rule 68 is not mandatory, and in fact is not appropriate in this case, because Rule 68 applies only to offers of judgment made by a defendant when the offered amount exceeds what was recovered at trial by

virtue of a judgment entered in favor of the plaintiff offeree.  This is indeed the case law in this circuit.[1]  In the instant case, no judgment was entered in favor of Plaintiff.  Defendants appear to have recognized this interpretation of Rule 68, as they do not address the Rule 68 issue in their reply brief.  Under the circumstances here, Rule 68 and Defendants' offers of judgment thereunder do not supply grounds for amending the judgment.

On the other hand, Defendants correctly argue that Rule 54(d) creates a presumption that the district court will award costs to the prevailing party.[2]  The burden is on the nonprevailing party to overcome the presumption.[3]  While the district court has discretion to deny costs to a prevailing party, it must provide a valid reason for not awarding costs.[4]  While Cantrell provided several circumstances in which a district court may properly exercise its discretion to deny costs to a prevailing party, the relative financial resources of the parties was not one of the factors listed.  Cantrell states that the court may consider a party's indigence in denying costs; however, Plaintiff does not claim to be indigent.  Moreover, in the unpublished case of Johnson v. University of Oklahoma Board of Regents,[5] the Tenth Circuit, in affirming an award of costs in favor

---

[1] See Carillon Square v. Ernst Home Center, Inc., 1994 WL 468104 at *4, n. 3 (10th Cir. 1994).

[2] Cantrell v. International Broth. of Elec. Workers, 69 F.3d 456, 458-59 (10th Cir. 1995).

[3] Id. at 459.

[4] Id.

[5] 2000 WL 1114194 (10th Cir. Aug. 7, 2000) (unpublished).  Unpublished decisions are not precedential, but may be cited for their persuasive value.  10th Cir. R. 32.1(A).

of the defendant in an employment discrimination case, cited favorably to the following language from a Fourth Circuit case:

> [T]he plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.[6]

Accordingly, to the extent the judgment entered in this case denies costs to Defendants due to the relative financial strengths of the parties, it is in error and must be amended.

On the other hand, Cantrell notes that costs may be denied to the prevailing party if it acted in bad faith or was obstructive during the course of the litigation, or the prevailing party's recovery is insignificant, or the issues are close and difficult.[7] Plaintiff here argues that Defendants' conduct has been obstructive, that such conduct caused the costs to increase, and that the issues were close.

The undersigned judge only presided over this case commencing shortly before the trial, and during the ten days of the trial itself, when the case was transferred following the untimely death of the Honorable Phillip S. Figa in January 2008. While the trial was hard fought on both sides, the conduct of Defendants during that period was not obstructive. A review of the file also does not reveal obstruction on Defendants' part.

---

[6] Id. at *3 (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 448 (4th Cir. 1999).

[7] Cantrell, 69 F.3d at 459.

In addition, although Plaintiff did survive summary judgment, two of her claims were dismissed at mid-trial and the jury entered a verdict for Defendants on the two remaining claims. Therefore, closeness of the issues does not supply grounds for denying costs.

Finally, Plaintiff has submitted no evidence on this motion that the requested costs are "unreasonably high or unnecessary,"[8] and, in any event, the amount of costs is not at issue at this point and can be addressed when costs are taxed.

Accordingly, for the reasons set forth above, it is

ORDERED that Defendants' Motion To Alter Or Amend The Judgment (Doc. No. 202) is granted, and the Clerk of the Court is directed to enter an amended judgment providing for an award of costs to Defendants pursuant to Rule 54(d).

DATED at Denver, Colorado this __28th__ day of May, 2008.

BY THE COURT:

_/s/ Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[8] Id. (citing White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 720 (6th Cir. 1986)).