IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Zita L. Weinshienk

Civil Action No. 06-cv-01103-ZLW-BNB

SHARON R. BAKER,

    Plaintiff,

v.

ECHOSTAR COMMUNICATIONS CORPORATION;
ECHOSPHERE, L.L.C.; and
ECHOSPHERE SATELLITE, L.L.C.,

    Defendants.

---

# ORDER

---

The matters before the Court are (1) Defendants' Motion To Review Court Clerk's Award Of Costs and (2) Plaintiff's Motion To Review Clerk's Taxation Of Costs. On May 29, 2008, the Court awarded Defendants their costs in this action pursuant to Fed. R. Civ. P. 54(d). Defendants thereafter filed a proposed Bill Of Costs requesting $57,405.38 in costs. After Plaintiff objected to the proposed Bill of Costs, the Clerk of Court ultimately entered awarded $11,992.02 in costs to Defendants (Doc. No. 231). All parties now move for review of that cost award.

**I.    Defendants' Motion**

    **A.    Trial Transcripts**

Under 28 U.S.C. § 1920, the prevailing party may recover its costs for stenographic trial transcripts "necessarily obtained for use in the case." "'Necessarily obtained' does not mean that the materials obtained added to the convenience of the

parties or made the task of the trial judge easier, and the most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court."[1] "However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs."[2] Reasonable necessity ordinarily should be determined "in light of the facts known to the parties at the time the expenses were incurred."[3]

Here, the Clerk of Court awarded $1,910.49 in trial transcript costs, covering the cost of transcripts for only three of the ten days of trial, because Defendants' Rule 50 motion cited testimony from only those three days of the trial. Further, the Clerk allowed only the "ordinary," not the real time, transcription fee. Defendants argue that they should be allowed to recover the cost of transcripts for all ten days of trial because they could not have known in advance which days of trial testimony would be relevant to their Rule 50 motion. Although the Court sees some merit to this argument, its logical result would be a *per se* rule that the cost of the entire trial transcript is always recoverable in every case in which a Rule 50 motion is made, and that is not the law. Defendants were not prevented from obtaining the entire trial transcript, but they will be reimbursed only for the cost of those portions of the trial transcript that were actually used in support of their Rule 50 motion.

---

[1] Callicrate v. Farmland Industries, Inc., 139 F.3d 1336, 1340 (10th Cir. 1998) (internal quotation and citation omitted).

[2] Id.

[3] Id.

2

Defendants also state that they needed daily copy due to the short deadline for filing Rule 50 motions, and were required to order real time trial transcripts prior to the actual taking of testimony. However, "[a]s a general rule, taxation of costs for daily copy is not allowed absent prior court approval,"[4] and no prior court approval was obtained here. Accordingly, the Clerk properly denied costs for real time transcripts.

**B.    Videographer Fees**

Defendants argue that they should have been awarded the videographer fees incurred for the videotaping of the depositions of Plaintiff, John Scarborough, Vicki Hansen, Michael Kelly, and Wade Welch. "Costs associated with videotaping a deposition are taxable under [28 U.S.C. §] 1920(2)."[5] Further, in some cases costs may be awarded for *both* the transcription and the videotaping of a deposition.[6] "[T]he appropriate inquiry is whether the recording method has been 'necessarily obtained for use in the case' as mandated by section 1920(2)."[7] Defendants argue that the videographer fees were necessary because "Baker noticed these depositions as videotaped."[8] However, the recording method indicated in the deposition notice does not control whether costs associated with that recording method are taxed.[9] Defendants have not otherwise explained why it was necessary for them to obtain both a transcript

---

[4]Karsian v. Inter-Regional Finance Group, 13 F. Supp. 2d 1085, 1091 (D. Colo. 1998).

[5]Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997).

[6]Id. at 1478.

[7]Id. at 1478 n.4.

[8]Defendants' Motion To Review Court Clerk's Award Of Costs (Doc. No. 234) at 5.

[9]See Tilton, 115 F.3d at 1478 n.8.

3

and a videotape of these depositions.[10] The Clerk did not err in denying the costs associated with videotaping the subject depositions.

### C. Transcription Fees for Vicki Hansen's and Joe Nolly's Deposition

The Clerk of Court denied costs for the depositions of Vicki Hansen and Joe Nolly. Deposition costs are recoverable under 20 U.S.C. § 1920(2) and (4) where they were "necessarily incurred."[11] Defendants argue that these depositions were necessary based on the facts known to Defendants at the time they were obtained, because Hansen and Nolly were listed as Plaintiff's witnesses in the Final Pretrial Order and the depositions "were necessary to develop Defendants' summary judgment and other pretrial motions, and as potential impeachment evidence."[12] However, Hansen and Nolly's depositions were not cited in Defendants' summary judgment motion, and were not used at trial. The Court is not aware of any rule indicating that deposition transcript costs are automatically recoverable if the deponent appeared on the opposing party's witness list. The costs of Hansen and Nolly's depositions properly were denied.

## II. Plaintiff's Motion

As an initial matter, Plaintiff argues that all costs should have been denied to Defendants based on the same arguments presented in Plaintiff's April 17, 2008, Response To Defendants' Motion To Alter Or Amend Judgment.[13] The Court has

---

[10]The Clerk of Court awarded costs for the transcripts of the depositions of Plaintiff, John Scarborough, Michael Kelly, and Wade Welch. The Clerk disallowed costs for the transcript of Vicki Hansen's deposition, as discussed in Section I.C., *infra*.

[11]See Sales v. Marshal, 873 F.2d 115, 120 (6th Cir. 1989).

[12]Defendants' Motion To Review Court Clerk's Award Of Costs (Doc. No. 234) at 5.

[13]Doc. No. 218.

4

previously addressed and rejected those arguments,[14] and reiterates the conclusion that there was no obstruction or bad faith in the part of Defendants or their counsel during the course of this litigation.  The Court will, however, address Plaintiff's other arguments concerning the Clerk's award of specific categories of costs.

### A. Trial Transcripts

Plaintiff argues that costs for real time trial transcripts should not have been awarded; however, such costs in fact were not awarded.  Plaintiff presents no other arguments concerning trial transcript costs.

### B. Witness/Mileage Fee for Amberly Cavalier

Plaintiff argues that the witness fee and mileage costs for witness Amberly Cavalier should not have been awarded because Ms. Cavalier ultimately testified to matters outside of the scope of testimony described by Defendants' counsel.  The Court does not find the scope of Ms. Cavalier's testimony to be a basis for denying witness costs otherwise recoverable under 28 U.S.C. § 1920(3).  The costs were properly awarded.

### C. Parking Costs for Michael Kelly

Plaintiff contends that the $13.00 in parking costs incurred by Michael Kelly are not recoverable because Defendants provided no supporting documentation for them and because "[r]epresentatives of the parties do not get parking costs under 28 U.S.C.

---

[14]See May 29, 2008, Order (Doc. No. 221) at 3-4.

§ 1920."[15]  However, Defendants did provide supporting documentation,[16] and Plaintiff has provided no authority for the proposition that witness costs are not recoverable where the witness also is a "party representative."  The costs were properly awarded.

**D.   Hampden Medical Documents**

Plaintiff challenges the $4.00 in costs awarded for copies of documents received from Hampden Medical, contending that the cost of these copies is included in the $412.67 awarded for exhibit copies generally.  Defendants have not responded to this contention, and it does appear that the costs are duplicative.  Accordingly, the $4.00 in claimed copy costs for the Hampden Medical documents will be disallowed.

**E.   Depositions**

Plaintiff contends that costs for numerous depositions[17] should not have been awarded to Defendants.  Plaintiff's primary argument is that Defendants lost their summary judgment motion, to which pages of the deposition transcripts were attached, and therefore the depositions were not necessary.  The Court does not agree that the denial of Defendants' summary judgment motion rendered the supporting depositions unnecessary for purposes of a cost award under 28 U.S.C. § 1920.  Plaintiff's remaining arguments with respect to the Clerk's award of deposition costs lack merit.  The deposition costs were properly awarded.

---

[15]Plaintiff's Motion To Review Clerk's Taxation Of Costs (Doc. No. 235) at 6.

[16]See Defendants' Proposed Bill of Costs (Doc. No. 222), Ex. A at 13.

[17]Plaintiff objects to an award of costs relating to the depositions of: Plaintiff, Scott Baker, Suzanne Beall, Soraya Cartwright, Robert Fuchs, John Scarborough, Denise Kay, Michael Kelley, Shirley Lowrey, David Moskowitz, David Noll, Sheila Tomasek, and T. Wade Welch.

## F. E-Tran Disks

Plaintiff objects to a total of $135.00 in costs awarded to Defendants for "E-Tran" deposition disks,[18] which are searchable electronic versions of the deposition transcript. This expense was incurred for the convenience of counsel and was not "necessarily obtained for use in the case."[19] Accordingly, the $135.00 in costs for E-Tran disks will be disallowed.

## G. Costs paid to Denise Kay

Defendants requested $2,149.34 in "[c]osts paid to [their expert] Denise Kay for her deposition." The Clerk awarded $40.00 under this category. Plaintiff objects to the award because "costs paid to an expert are not recoverable."[20] However, the $40.00 awarded represents the standard lay witness fee,[21] not expert witness costs, and the amount was properly awarded.

Accordingly, it is

ORDERED that Defendants' Motion To Review Court Clerk's Award Of Costs (Doc. No. 234) is denied. It is

FURTHER ORDERED that Plaintiff's Motion To Review Clerk's Taxation Of Costs (Doc. No. 235) is granted in part and denied in part. It is

FURTHER ORDERED that $139.00 of the total $11,992.02 in costs initially taxed by the Clerk of Court is disallowed, consisting of the $4.00 disallowed for Hampden

---

[18] See Plaintiff's Motion To Review Clerk's Taxation Of Costs (Doc. No. 235) at 16.

[19] 28 U.S.C. § 1920(2).

[20] Plaintiff's Motion To Review Clerk's Taxation Of Costs (Doc. No. 235) at 10.

[21] See 28 U.S.C. § 1821(b).

Medical document copies and the $135.00 disallowed for E-Tran disks. It is

FURTHER ORDERED that the Clerk of the Court shall tax costs in favor of Defendants and against Plaintiff in the total amount of $11,853.02.

DATED at Denver, Colorado this 11th day of December, 2008.

BY THE COURT:

_(signed) Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court